# United States District Court
## WESTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA
V.
**COREY YARBROUGH**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:05-CR-166

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  - ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense
  - ☒ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801 et seq
  - ☐ under 18 U.S.C.§924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is 30 years old. He has fathered 8 children, but has failed to comply with child support orders for 4 of them. Defendant has had sporadic unemployment, but is currently enrolled in an auto mechanics program at the Kalamazoo Valley Community College. He was previously enrolled at this school from 1997 to 1998. Despite his current effort at KVCC, defendant has a substance abuse problem and a criminal record that makes him unreliable. He currently smokes 2 to 3 blunts of marijuana daily and drinks on weekends. An attempt in 1997 to 1998 to attend a substance abuse treatment program failed. Defendant has a lengthy criminal record, which is particularly significant (continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that there is no condition or combination of conditions that will assure either the presence of the defendant or the safety of the community, based upon the unrebutted presumption. Alternatively, I find the government has shown by a preponderance of the evidence (absent the presumption) that no condition or combination of conditions will assure the presence of the defendant in light of his repeated violations of the trust placed in him when he was placed on bond (continued on attachment)

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: July 20, 2005

*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 et seq. ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 et seq. ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. Corey Yarbrough
1:05-CR-166
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

>   in that he has performed poorly when on probation or on bond. Defendant's probation was revoked in the middle of 2002 following his conviction for a felony charge of possessing cocaine. He was also on bond earlier in that year on a possession of marijuana charge when he committed an illegal entry offense. He was then on bond for both of those charges when he was arrested for possession of marijuana, attempted resisting and obstructing, and driving while on license suspended. He was then on bond for these charges plus the earlier two when he was arrested for a possession of marijuana charge.
>
>   Moreover, while on bond for the felony charge of possession of cocaine, defendant failed to appear for a scheduled presentence interview on 2/21/2003, and again on 4/3/2003. Defendant then failed to appear for sentencing on 4/28/2003.

**Part II - Written Statement of Reasons for Detention** - (continued)

>   and on probation in the past, coupled with his substance abuse and lengthy criminal record.